# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                            Miscellaneous Proceeding 06-00801

KENNETH WILLIFORD,

       Petitioner,

v.

HON. WILLIAM R. SAWYER, as Chief Judge
in the U.S. Bankruptcy Court for the
Middle District of Alabama,

       Respondent.

## MEMORANDUM DECISION

       This proceeding is before the Court upon the Petition for Writ of Mandamus to the undersigned, as Chief Judge of the U.S. Bankruptcy Court for the Middle District of Alabama. (Doc. 1). In filing the instant Writ of Mandamus, Petitioner is seeking enforcement of the automatic stay pursuant to 11 U.S.C. § 362 and also for the undersigned to exercise jurisdiction over the all of the property which he and his former wife, Charlotte Williford, had any separate or joint interest in as of the date of the filing of their Chapter 11 case. (Doc. 1). The Debtors filed a voluntary Chapter 11 petition on October 3, 2003. (Case No. 03-81486, Doc. 1). This Court entered a Final Order Approving Disclosure Statement and Confirming Plan on January 30, 2006. (Case No. 03-81486, Doc. 255).

First, as a matter of procedure the Petitioner has chosen a mechanism that is no longer recognized by the Federal Rules of Civil Procedure. Instructive on this point is Fed. R. Civ. Pro. 81(b), which provides the following:

> The writs of scire facias and mandamus are abolished. Relief heretofore available by mandamus or scire facias may be obtained by appropriate action or by appropriate motion under the practice prescribed in these rules.

However, even if the procedural infirmities of Petitioner's filing where to be overlooked in an effort to provide some type of substantive aid, the mandamus relief sought in this proceeding would still not be feasible as a matter of law. 11 U.S.C. 362(c)(2)(C) states that the automatic stay continues until the time the discharge is either granted or denied. 11 U.S.C. 1141(d)(1) provides that unless otherwise provided in the plan or in the order confirming the plan, the confirmation of a plan discharges the debtor from any debt that arose before the date of such confirmation. Stated another way, the confirmation of a plan discharges the debtor from all dischargeable debts; thereby lifting the automatic stay. See U.S., Dept. of Air Force v. Carolina Parachute Corp., 907 F.2d 1469, 1474 (4th Cir. 1990)("there can be no further application of the automatic stay after confirmation"); In re: Allen, 300 F.3d 1055, 1059 (9th Cir. 2002)("[t]he reorganization plan, rather than the automatic stay or any order affecting it, thereafter controls what actions may be taken in regard to the property"); In re: Barker-Fowler Electric Co., 141 B.R. 929, 938 (Bankr. W.D. Mich. 1992)(after confirmation of the plan the automatic stay lifts); In re: Hakim, 244 B.R. 820, 822 (Bankr. N.D. Cal. 1999)("[i]n the Chapter 11 context, whether the automatic stay terminates upon operation of law depends on whether or not a plan has been confirmed"); Calderon v. Commodore Holdings Ltd., 2004 WL 385062, at *1

2

(S.D.N.Y. March 1, 2004)(by virtue of confirmation of a plan of reorganization the automatic stay lifts by operation of law).

As the Debtors' Chapter 11 plan of reorganization was confirmed by this Court's Final Order of January 30, 2006, the automatic stay has lifted and no longer has any application in this case. (Case No. 03-81486, Doc. 255). Mandated by the provisions of the United States Bankruptcy Code, the undersigned and this Court are unable to grant the relief requested by Petitioner. Accordingly, Petition's Writ of Mandamus is due to be DENIED. (Doc. 1). The Court will enter an Order consistent with this Memorandum Decision by way of a separate document.

Done this 13th day of June, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Kenneth Williford, Petitioner